# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>The Wet Seal, LLC, *et al.*,<br>Debtors.[1] | Chapter 11<br><br>Case No. 17-10229 (CSS)<br><br>(Jointly Administered) |
| The Wet Seal, LLC,<br>Plaintiff,<br>vs.<br>Defendants Listed Below,<br>Defendants. | **Objection Deadline: August 9, 2018 at 4:00 p.m.**<br>**Hearing Date: August 16, 2018 at 2:00 p.m.** |

| **Defendant Name** | **Adversary Number** |
|---|---|
| Active Knitwear Resources, Inc. | 17-50976 |
| Amici Accessories, Ltd. | 17-50979 |
| Berkshire Fashions, Inc. | 17-50982 |
| Jayeff Construction Corp. | 17-51004 |
| KPMG LLP | 17-51005 |
| Paul Alarico dba Retail Amp Design | 17-51018 |
| Smart Source of California, LLC | 17-51030 |
| Touchstone Contractors Inc. | 17-51034 |

**PLAINTIFF'S SIXTH MOTION FOR AN ORDER APPROVING SETTLEMENTS OF AVOIDANCE ACTIONS PURSUANT TO FED. R. BANKR. P. 9019**

The Wet Seal, LLC (the "Plaintiff"), by and through its undersigned counsel, hereby files this *Sixth Motion for an Order Approving Settlements of Avoidance Actions Pursuant to Fed. R. Bankr. P. 9019* (the "Motion"). In further support of the Motion, Plaintiff respectfully represents as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: The Wet Seal, LLC (2741); The Wet Seal Gift Card, LLC (3286); Mador Financing, LLC (1377). The Debtors' corporate headquarters is located at 7555 Irvine Center Drive, Irvine, California 92618.

**JURISDICTION**

1.  The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F) and (O).

2.  Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The predicates for the relief sought herein are 11 U.S.C. §§ 105 and 363(b) and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**BACKGROUND**

4.  On February 2, 2017 (the "Petition Date") the Debtors each commenced a case by filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code. No trustee has been appointed, and the Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.  On February 3, 2017, the Court entered an order authorizing the joint administration of the chapter 11 cases for procedural purposes only. [D.I. 42].[2]

6.  On February 14, 2017, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee"). [D.I. 103]

7.  The Plaintiff has retained special preference counsel, commenced avoidance actions, and has begun the process of negotiating settlements (subject to Court approval if required) with entities that received payments in the 90-day period prior to the Petition Date, as well as those that received potential unauthorized post-petition transfers.

---

[2] All docket items referenced are from Case No. 17-10229, under which the Debtors' bankruptcy cases are jointly administered.

8.     In accordance with its duties under the Bankruptcy Code, the Plaintiff reviewed the Debtors' financial books and records and investigated the estates' potential causes of action to avoid transfers pursuant to sections 547 through 550 of the Bankruptcy Code.

9.     Plaintiff has settled, subject to Bankruptcy Court approval, Avoidance Actions against eight (8) defendants (the "Defendants"). A list containing the name of each Defendant, the gross amount demanded from that Defendant, the amount paid or to be paid by each Defendant to the Plaintiff in settlement of each Avoidance Action, and a rationale for each settlement is attached hereto as **Exhibit A**.

10.    To date, the Plaintiff has not obtained Bankruptcy Court approval for any of the settlements of the Avoidance Actions listed on **Exhibit A** attached hereto.

### RELIEF REQUESTED

11.    By this Motion, the Plaintiff seeks approval of the settlements of the Avoidance Actions listed on **Exhibit A** attached hereto pursuant to Bankruptcy Rule. 9019. Rule 9019 provides that "[o]n motion by the [T]rustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor . . . and to any other entity as the court may direct. Fed. R. Bankr. P. 9019(a); *see also Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996).

12.    Plaintiff is obligated to maximize the value of the estate and make its decisions in the best interests of all creditors of the estate. *Id.* at 394. Plaintiff believes, in its business judgment, the settlement of the Avoidance Actions against the Defendants listed on **Exhibit A** hereto is in the best interests of the estate and all creditors, especially in light of the cost, uncertainty, and delay of litigation. Courts generally defer to a plaintiff's business judgment when there is a legitimate business justification for the plaintiff's decision. *Id.* at 395.

13. In determining whether a settlement should be approved under Bankruptcy Rule 9019, the Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *Id.* at 393. In striking this balance, the Court should consider "(i) the probability of success in the litigation; (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors." *Id.*

14. A review of the four factors from *Martin* demonstrates that the settlements of the Avoidance Actions against the Defendants are: (i) in the best interests of the estate and all of the creditors; (ii) reasonable; and (iii) within Plaintiff's sound business judgment. Plaintiff agreed to each Proposed Settlement based on a variety of factors, including potential defenses to underlying claims. Plaintiff believes each proposed settlement is well within the range of reasonableness and in the best interests of the Debtor's estate. The settlement of the Avoidance Actions will eliminate the potentially high costs of litigation and the uncertainty of success in light of the possible defenses.

15. Plaintiff respectfully represents that the compromises reached with each Defendant is fair, reasonable, and in the best interest of the creditors and the Debtor's estate. Plaintiff likewise believes the proposed settlements are fair and equitable, and founded on the exercise of sound business judgment by Plaintiff. The settlements result in certain payments being made to the estate and the release by the Defendants of various claims such entities may have against Plaintiff and the estate, in consideration for a release by Plaintiff of the various claims able to be asserted against Defendants in the Avoidance Actions, without the Plaintiff expending significant estate resources litigating such claims.

## NOTICE

16. Notice of this Motion, together with a copy of the Motion, has been given to (i) United States Trustee for the District of Delaware, (ii) the Defendants, and (iii) all parties that have requested such notice pursuant to Bankruptcy Rule 2002 as of this date. In light of the nature of the relief requested herein, Plaintiff submits that no other or further notice need be given.

## CONCLUSION

**WHEREFORE**, the Plaintiff respectfully requests that this Court enter the attached proposed order granting the Plaintiff's Motion approving the settlements of the Avoidances Actions against the Defendants set forth on **Exhibit A** attached hereto; and granting such other and further relief as the Court deems just and equitable.

Dated: Wilmington, Delaware
       July 26, 2018

**A.M. SACCULLO LEGAL, LLC**

*/s/ Mary E. Augustine*
Anthony M. Saccullo (Bar No. 4141)
Mary E. Augustine (Bar No. 4477)
27 Crimson King Drive
Bear, DE 19701
(302) 836-8877
(302) 836-8787 (facsimile)
ams@saccullolegal.com
meg@saccullolegal.com

-and-

Joseph L. Steinfeld, Jr., Esq., MN SBN 0266292
Gary D. Underdahl, Esq. MN SBN 0301693
ASK LLP
2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121
(651) 289-3857
(651) 406-9676 (facsimile)
gunderdahl@askllp.com

-and-

Edward E. Neiger, Esq.
151 West 46th Street, 4th Fl.
New York, NY 10036
(212) 267-7342
(212) 918-3427 (facsimile)

*Special Counsel for Plaintiff, The Wet Seal, LLC*