**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------x
In re:                                                                  : Chapter 11
                                                                              :
                                                                              : Case No. 17-10229 (CSS)
THE WET SEAL, LLC, *et al.*,                          :
                                                                              : (Jointly Administered)
        Debtors.¹                                                   :
                                                                              : **Ref. Docket No. 981**
---------------------------------------------------------x

**INITIAL ORDER (I) APPROVING THE DISMISSAL OF THE DEBTORS'
CHAPTER 11 CASES; (II) ESTABLISHING PROCEDURES FOR THE
ALLOWANCE AND PAYMENT OF PROFESSIONALS FEES
AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")² of the Debtors for entry of an order, pursuant to sections 105(a), 305, 349, 363(b)(1), 507(a), 554(a) 726 and 1112(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1017, 2002, 3003, and 6007 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Rule 1017-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), dismissing the Chapter 11 Cases and granting related relief; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their

---

¹ The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows:  The Wet Seal, LLC (2741); The Wet Seal Gift Card, LLC (3286); Mador Financing, LLC (1377).  The Debtors' mailing address is 6789 Quail Hill Parkway, PMB 733, Irvine, California 92603.

² Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

estates, their creditors, and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all the proceedings had before this Court; and after due deliberation thereon; and good and sufficient cause appearing therefor,

    IT IS HEREBY ORDERED THAT:

    1.    The Motion is GRANTED as set forth herein.

    2.    All of the Debtors' executory contracts and leases, to the extent not rejected by prior Court order or having expired by their own terms, shall be deemed rejected as of the date of entry of this Order.

    3.    Notwithstanding any provisions of the Interim Compensation Order to the contrary, all Professionals that have not obtained entry of a final order approving their fees and expenses shall file a final fee application for Professional Fees by April 1, 2019. Any objections to the Final Fee Applications shall be filed and served on counsel for the Debtors and the Professional submitting the application to which an objection is being filed by the fifteenth day after such fee statement is filed at 4:00 p.m. (Eastern Time). The Court will hold a hearing, if necessary, on April 25, 2019 at 3:00 p.m. (ET) to resolve any disputes related to Final Fee Applications.

    4.    After Final Fee Applications have been heard, allowed Professional Fees have been paid, and U.S. Trustee fees have been calculated and reserved in the Professional Fee Escrow, the Debtors shall file all monthly operating reports and pay all U.S. Trustee fees in full. For the avoidance of doubt, the Debtors shall pay U.S. Trustee fees on account of all Professional Fees disbursed in accordance with Final Fee Applications, notwithstanding that

01:24272145.2

such U.S. Trustee fees may relate to disbursements made after entry of this Order or the Dismissal Order, as applicable.

5.  To the extent not previously created, Debtors are authorized to establish the Professional Fee Escrow, in the amount of $50,000, for the purpose of funding, among other things, (a) fees and costs incurred by, but not yet paid to, Professionals through and including dismissal of these Chapter 11 Cases, (b) estimated fees and costs which will be incurred in connection with dissolving the Debtors' corporate entities, including any fees owed to the Debtors' Authorized Person, as applicable, (c) paying all U.S. Trustee fees in full, and (d) paying all costs incurred with destroying the Debtors' Books and Records, if any. To the extent that there are any unused funds remaining in the Professional Fee Escrow after such fees and costs are incurred and paid, such funds shall be returned to the Senior Agent. In addition, until such time as the Senior Obligations (as defined in the Final Cash Collateral Order) have been indefeasibly repaid in full, the Debtors shall disburse any collections, receipts and other proceeds of Collateral (other than those contained in the Professional Fee Escrow in accordance with the terms hereof), if any, to the Senior Agent.

6.  Pursuant to sections 105(a) and 554 of the Bankruptcy Code and Bankruptcy Rule 6007, the Debtors are authorized, but not directed, to destroy, abandon, or otherwise dispose of any remaining Books and Records in their discretion, and to make all payments necessary to effectuate such destruction from the Professional Fee Escrow, as needed; <u>provided</u> that any documents containing personally identifiable information must be shredded.

7.  As soon as reasonably practicable following the completion of the payment of U.S. Trustee's fees, the filing of all monthly operating reports, and the establishment of the Professional Fee Escrow, the Debtors may file a certification (the "<u>Certification</u>") of counsel

01:24272145.2

requesting entry of the Dismissal Order, in the form attached hereto as <u>Exhibit I</u>. Among other things, the Certification shall verify that: (a) all quarterly fees of the U.S. Trustee have been paid in full; (b) allowed Professional Fees have been approved on a final basis and either paid in full or will be paid from the Professional Fee Escrow; (c) all monthly operating reports have been filed; and (d) the Professional Fee Escrow has been adequately funded to satisfy all post-dismissal fees and expenses incurred in connection with dissolving the Debtors' corporate entities and destroying Books and Records, as applicable.

8. The Certification and this Order shall be served only on the Notice Parties and no further notice regarding the dismissal of the Chapter 11 Cases shall be required because all of the Debtors' creditors have received reasonable notice of the proposed dismissal through notice of the hearing on the Motion.

9. Notwithstanding any provision of this Order to the contrary, the obligation of each Debtor to file a monthly operating report and to pay quarterly fees to the U.S. Trustee shall continue until such Debtor's case is dismissed pursuant to the provisions of this Order.

10. To the extent applicable, Bankruptcy Rules 6004(h) and 6006(d) are waived and this Order shall be effective and enforceable immediately upon entry.

11. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted pursuant to this Order.

12. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

01:24272145.2        **Dated: March 19th, 2019**          CHRISTOPHER S. SONTCHI
               **Wilmington, Delaware**          UNITED STATES BANKRUPTCY JUDGE

4