**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------x
: Chapter 11
*In re:* :
: Case No. 17-10229 (CSS)
THE WET SEAL, LLC, *et al.*,[1] :
: Jointly Administered
Debtors. :
: **Docket Ref. Nos. 977, 987 & ___**
---------------------------------------------------------x

# ORDER AUTHORIZING THE DEBTORS TO SELL CERTAIN REMNANT ASSETS TO OAK POINT PARTNERS, LLC AND CERTAIN TAX ASSETS TO INVESTMENT RECOVERY GROUP, LLC, RESPECTIVELY, AND GRANTING RELATED RELIEF

Upon the motion [D.I. 977] (the "Motion")[2] of the Debtors requesting the entry of an order, pursuant to sections 105 and 363 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), approving the sale of certain assets (collectively, the "Remnant Assets") of the Debtors' estates to Oak Point Partners, LLC ("Oak Point"); and the Debtors having filed a supplemental notice [D.I. 987] (the "Supplemental Notice") on March 8, 2019, identifying an additional purchaser, Investment Recovery Group, LLC ("IRG") for certain Remnant Assets (such designated assets, the "Tax Assets") and representing that Oak Point had agreed to exclude the Tax Assets from the Remnant Assets it purchased from the Debtors; and the Supplemental Notice having extended the deadline to object to the Motion until March 15, 2019 at 4:00 p.m. (ET), and attached thereto

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: The Wet Seal, LLC (2741); The Wet Seal Gift Card, LLC (3286); and Mador Financing, LLC (1377). The Debtors' mailing address is 6789 Quail Hill Parkway, PMB 733, Irvine, California 92603.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

01:24253322.2

a revised proposed form of order and asset purchase agreement (the "APA") between IRG and the Debtors; and this Court having jurisdiction to consider the Motion and the relief requested therein, as modified by the Supplemental Notice, pursuant to 28 U.S.C. § 1334; and consideration of the Motion, the Supplemental Notice and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion and the Supplemental Notice having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion, as modified by the Supplemental Notice, is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion and the Supplemental Notice establish just cause for the relief granted herein; and upon all the proceedings had before this Court; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Purchase Agreement by and between the Debtors and Oak Point, a copy of which is attached hereto as Exhibit A, and all of its terms and conditions are approved in their entirety.

3. The APA by and between the Debtors and IRG, a copy of which is attached hereto as Exhibit B, and all of its terms and conditions are approved in their entirety.

4. Pursuant to sections 105 and 363(b) of the Bankruptcy Code, the Debtors are authorized to (a) sell the Remnant Assets (excluding the Tax Assets) to Oak Point for the

01:24253322.2

consideration described in the Motion, and (b) sell the Tax Assets to IRG for the consideration described in the APA.

       5.       Pursuant to section 363(f) of the Bankruptcy Code, the sale of Remnant Assets (excluding the Tax Assets) to Oak Point and the sale of the Tax Assets to IRG (the "Sale") is and shall be free and clear of any and all liens, claims, and encumbrances, with such liens, claims, and encumbrances to attach to the proceeds of the Sale with the same force, effect, and priority as such liens, claims, and encumbrances have on the Debtors' right to the Remnant Assets (excluding the Tax Assets) and the Tax Assets, as appropriate, subject to the rights and defenses of the Debtors and any party in interest with respect thereto.

       6.       The Debtors are authorized, but not directed, to take such action as is necessary to effectuate the terms of the Purchase Agreement and the APA, respectively, together with all additional instruments and documents that may be reasonably necessary to implement the Purchase Agreement and the APA, respectively.

       7.       Oak Point is hereby deemed a good faith purchaser under section 363(m) of the Bankruptcy Code.

       8.       IRG is hereby deemed a good faith purchaser under section 363(m) of the Bankruptcy Code.

       9.       The transfer of the Remnant Assets (excluding the Tax Assets) to Oak Point pursuant to the Purchase Agreement constitutes a legal, valid, and effective transfer of all right, title and interest of the Debtors in the Remnant Assets (excluding the Tax Assets), and shall vest Oak Point with all of the Debtors' right, title and interest in the Remnant Assets (excluding the Tax Assets) and proceeds thereof.

10. The transfer of the Tax Assets to IRG pursuant to the APA constitutes a legal, valid, and effective transfer of all right, title and interest of the Debtors in the Tax Assets, and shall vest IRG with all of the Debtors' right, title and interest in the Tax Assets and proceeds thereof.

11. To the extent applicable, Bankruptcy Rule 6004(h) is waived and this Order shall be effective and enforceable immediately upon entry.

12. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**Dated: March 19th, 2019**
**Wilmington, Delaware**

**CHRISTOPHER S. SONTCHI**
**UNITED STATES BANKRUPTCY JUDGE**

01:24253322.2

4